NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 13 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA S. PANASZEWICZ, | No. 13-16942 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01162-MEJ |
| v. | |
| GMAC MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Submitted September 11, 2017[**]
San Francisco, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,[***]
District Judge.

Martha Panaszewicz appeals the Rule 12(b)(6) dismissal of her diversity

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

action against GMAC Mortgage, LLC and Residential Funding Company, LLC. Based on a promissory estoppel theory, Panaszewicz seeks to annul the trustee's sale of her home and impose a constructive trust on the residence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo the district court's Rule 12(b)(6) dismissal. *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007). We affirm.

Panaszewicz's First Amended Complaint does not state a claim for promissory estoppel under California law. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 792 (9th Cir. 2012) (citing *U.S. Ecology, Inc. v. California*, 28 Cal. Rptr. 3d 894, 905 (Cal. Ct. App. 2005)). Panaszewicz failed to allege (1) that Appellees or their agents made any clear and unambiguous promises to postpone the foreclosure sale, and (2) any facts showing that she changed her legal position in reliance on those statements. *Id.* The district court therefore properly dismissed her complaint.

Because Panaszewicz did not make a *prima facie* case for promissory estoppel, the district court did not err in concluding that a constructive trust could not be imposed on the property. There are no alleged facts demonstrating that Appellees gained the property by misconduct, and Panaszewicz has not tendered or offered to tender the amount owed on the defaulted mortgage loan. *See Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 633, 640 (Cal. Ct. App. 2011). Thus, the

district court was not required to exercise its equitable powers. *See id.* at 640.

Finally, there was no abuse of discretion in denying Panaszewicz leave to amend, as her complaint cannot be cured by further amendment. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

**AFFIRMED.**